[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was returned to court on October 26, 1993. The complaint was brought by the husband against his wife, Vera Matar Baz. The plaintiff alleged in the complaint that the parties were intermarried in Bridgeport, Connecticut, on August 20, 1980 and that three minor children were issue of the marriage and that the marriage had broken down irretrievably. The plaintiff claimed a dissolution of marriage and a conveyance of CT Page 445-L the defendant's interest in the jointly owned premises occupied by the family at 87 Williams Street, Meriden, Connecticut.
In February, plaintiff's counsel claimed the matter for the uncontested list. Shortly thereafter, on March 7, 1994, defendant appeared through counsel and moved for reconciliation. Plaintiff's counsel objected to this motion on March 21, 1994. In April 1994, defendant moved for temporary alimony, custody, child support, exclusive use of the marital home, family automobile, health, life and automobile insurance and for the freezing of all assets of the plaintiff. In April 1994, defendant filed a cross complaint requesting the following relief: dissolution of the marriage; joint legal custody; child support; alimony; exclusive use of the family home; counsel fees; transfer of plaintiff's interest in a pension or retirement plan; and conveyance of plaintiff's interest in real property located at 87 Williams Street, Meriden, Connecticut.
In May of 1994, the parties stipulated and the court ordered:
1. Joint legal custody, primary residence with the CT Page 445-M mother, visitation to plaintiff father.
2. Plaintiff shall pay the two mortgages on 87 Williams Street receiving credit toward his child support obligation.
3. Exclusive use of 87 Williams Street was granted to defendant; exclusive use of 90 Williams Street was granted to plaintiff.
4. Plaintiff was required to maintain health or medical insurance for the family.
The husband moved out of 87 Williams Street in May of 1994, moving across the street to 90 Williams Street, a two-family house jointly owned by the parties. The parties divided up the household furniture and appliances between themselves at this time. The plaintiff's financial affidavit dated May 18, 1994 described the plaintiff as a computer analyst at Community Health Care Plan earning a gross wage of $879.43 and net wage of $605.40. Plaintiff listed liabilities of $15,000 exclusive of mortgages and claimed a one-half interest in three pieces of CT Page 445-N residential property having a total equity of $152,000. Plaintiff listed a Professional Pension Plan, Inc. with a total value of $33,530.00.
Defendant's financial affidavit is also dated May 18, 1994. This shows her occupation as a daycare provider with a gross weekly wage of $252.34, a net of $220.42, supplemented by tutoring income of $25.58 weekly, increasing her total net weekly net to $246.00. The defendant listed liabilities aside from real estate mortgages in the amount of $4,082.31. The defendant listed the same three pieces of real estate as the plaintiff but indicated the total equity amounted to $108,300. Defendant listed no pension plan among her assets but described herself as a co-owner of a boutique in Beirut, Lebanon, with a value of $8,000. Defendant's financial affidavit further indicated that plaintiff husband was living in the first floor of a jointly owned two-family property at 90 Williams Street and receiving the rental income of $550 monthly with the understanding that he pay all expenses on this property. Plaintiff was also receiving the rental income of $850 per month from a jointly owned single-family dwelling in Texas with the same understanding that he use CT Page 445-O these funds to pay expenses on the property.
On this state of facts on May 18, 1994, Judge Stanley ordered the plaintiff to pay pendente lite child support in the amount of $276 per week, effective June 1, 1994, temporary alimony in the amount of $60 per week, and interest payments on the second mortgage on 87 Williams Street.
On August 19, 1994, the defendant filed a motion for contempt alleging the plaintiff had failed to comply with the court order for child support and temporary alimony.
The text of the motion contained an allegation that plaintiff had resigned his employment and terminated his attorney. Defendant requested a Qualified Domestic Relations Order transferring sufficient funds from plaintiff's 401K plan to cover the support order. The court signed this order after a hearing. At or about August 19, 1994, plaintiff obtained an ex parte restraining order against the defendant. Defendant applied to the court on August 29, 1994 for an order (114) requiring plaintiff to devote the rental payments from the jointly owned CT Page 445-P property at 90 Williams Street to the mortgage payments on said property. Early in September, new counsel appeared for plaintiff. On September 2, 1994, defendant applied for and obtained an ex parte restraining order against plaintiff. On September 15, 1994, counsel for plaintiff moved the court to modify the alimony and child support orders, to relieve him from the obligation to provide health insurance for the family, to set new visitation orders consistent with his new employment hours (116). On September 29, 1994, defendant moved the court to find plaintiff in contempt of alimony and child support orders and an order that plaintiff pay the interest on the second mortgage on the jointly owned marital home at 87 Williams. In the motion (117) she alleged an arrearage as of September 23, 1994 of $6,376.38. On December 29, 1994, plaintiff's new counsel moved to withdraw her appearance at the request of plaintiff. This motion was heard on January 3, 1995, the date when the case had been scheduled for trial. Plaintiff asked the court to permit the withdrawal of his counsel representing to the court that he would go forward with the trial on January 6, 1995, without the assistance of counsel. Plaintiff thereafter withdrew his complaint with the knowledge that defendant intended to proceed CT Page 445-Q on her cross complaint seeking a dissolution, joint custody, child support, alimony, exclusive use of the family home, counsel fees, a transfer of plaintiff's interest in a pension or retirement plan and a conveyance of plaintiff's right, title and interest in real property located at 87 Williams Street and settlement of all real and personal property between the parties. (Cross Complaint 105).
Both parties appeared for trial on January 6, 1995, and offered testimony as to the causes of the breakdown of the marriage. Defendant submitted a written prayer for relief. Plaintiff also submitted in writing proposed orders and a trial brief. The defendant resubmitted her claims asserted under motion 114 requiring plaintiff to allocate the rental payments received or to be received from jointly owned property at 90 Williams Street to the mortgage payments on said property and under Motion 117 for a determination of an arrearage of alimony, and support payments and interest payments on the second mortgage on 87 Williams Street. Plaintiff asked the court to modify these payments based on his current employment status and his outstanding Motion (116). CT Page 445-R
The evidence enables the court to find that the plaintiff is in arrearage of alimony in the amount of $1,740 as of December 2, 1994; of child support in the amount of $5,109, and of mortgage interest in the amount of $1,745.14 through November 1994. These amounts total $8,594.14. In addition defendant has advanced monthly mortgage payments on the 90 Williams Street property for six months at $865 per month totalling $5,190.
The parties were married on August 20, 1980, in Bridgeport, Connecticut, and have both resided continuously in Connecticut since that date to the present. Three minor children were born of the marriage: Danielle, born January 25, 1982; Michelle, born July 22, 1984; and Nicole, born June 28, 1985. Both parties were born in Lebanon; both are United States citizens. Plaintiff and defendant met in Lebanon. Plaintiff came to the United States in 1975, and five years later, defendant came over to marry him. Both have worked industriously during the marriage contributing their earnings to their joint welfare and the welfare of their family. Plaintiff is a college-educated CT Page 445-S computer analyst; defendant is not a college graduate and has worked in entry-level factory positions and daycare positions since arriving in this country. She had provided primary care to her family during the marriage and contributed significant services and finances to the parties' acquisition of three pieces of real estate. Since May of 1994 when the plaintiff moved out, she has managed to maintain the two mortgages on 87 Williams Street and the sole mortgage on 90 Williams Street despite the failure of the plaintiff to comply with court orders for alimony and support. Defendant has been compelled to sell certain items of jewelry to survive. Defendant is in reasonably good health and is an intelligent, capable person. Despite these attributes, it is highly unlikely that she will significantly increase her earning capacity or assets during her remaining working life; she is forty-three years of age. Her lack of an advanced education or marketable skills handicap her significantly.
Plaintiff is 44 years of age, in good health, well trained as a computer analyst, possessed of good work record. Although unemployed at present, his prospects are good for CT Page 445-T maintaining and increasing his most recent salary range, $48,000, at C.H.C.P. and the acquisition of future assets.
Both parties have a good relation with the three children, but as noted, the defendant mother has been the primary caregiver. The family has been without health insurance since the plaintiff resigned his position with C.H.C.P.
The court finds longstanding reasons for the breakup of the marriage. Plaintiff domineered defendant during the course of the marriage resorting to physical violence when his authority was questioned. Defendant was a careful, frugal and saving person looking forward to a secure economic future with provisions for the education of their children. Defendant was more inclined to instant gratification, on one occasion utilizing a daughter's custodial account to prepay an installment account for a new car. Despite promises of reimbursement, plaintiff failed to restore the account to the original amount.
The marriage might have held together despite plaintiff's domineering attitude, frequent physical violence and CT Page 445-U improvidence had not the plaintiff developed relationships with other women. After plaintiff left the family house and entertained other women at his apartment, the defendant concluded that reconciliation was impossible.
The court concludes that the marriage has broken down irretrievably without hope of reconciliation and that the plaintiff caused this breakdown by his actions previously described. Accordingly the marriage is dissolved. The court enters the following orders after giving consideration to the elements contained in Connecticut General Statutes § 46b-81(c), Connecticut General Statutes §§ 46b-82 and 46b-83.
1. Joint legal custody of the minor children with primary residence to be with the defendant mother and reasonable rights of visitation to be with the plaintiff father;
2. That the plaintiff pay to the defendant a weekly sum for child support in the amount of $279 per week from the plaintiff's 401K plan for the next twenty-three (23) months. Subsequent to that time, the court will review the child support CT Page 445-V in accordance with the plaintiff's earning capacity;
3. That the plaintiff pay to the defendant the sum of $25 per week as permanent periodic alimony until her death or remarriage. This award is based on the present employment status of plaintiff. The court will review this periodic alimony award in 90 days and take further action after giving consideration to plaintiff's actual earnings at the time.
4. That the plaintiff shall quitclaim all of his right, title and interest in and unto the following properties to the defendant: 87 Williams Street, Meriden, Connecticut, 90 Williams Street, Meriden, Connecticut; and the defendant shall hold and save the plaintiff harmless from any obligations regarding said real estate as of the date of the dissolution of marriage. The plaintiff shall vacate the property forthwith.
4a. Defendant shall quitclaim all of her right, title and interest in and unto 1665 Glocairne, Dallas, Texas, to plaintiff, and the plaintiff shall hold and save defendant harmless from all obligations regarding from said real estate as CT Page 445-W of the date of the dissolution of the marriage, January 6, 1995.
5. That the defendant receive one half of plaintiff's pension and/or retirement plan pursuant to a Qualified Domestic Relations Order;
6. That the plaintiff pay to the defendant the sum of $2000 towards counsel fees;
7. That the plaintiff maintain medical insurance for the defendant and the minor children and the plaintiff shall pay the costs of COBRA for the defendant for a period of three (3) years;
8. That the plaintiff pay two-thirds (2/3) of all unreimbursed health care expenses for the minor children;
9. That the plaintiff maintain life insurance if the same is available through his place of employment naming the minor children as irrevocable beneficiaries of two thirds (2/3) of the death benefit provided by the policy until such time as CT Page 445-X the youngest child reaches the age of majority. Said policy shall designate the defendant as a beneficiary of one third (1/3) of the death benefit of said policy until such youngest child reaches the age of majority or the remarriage of the defendant whichever occurs first;
10. That the plaintiff will hold and save the defendant harmless regarding any and all tenants including security deposits and any other issues regarding rental properties in Connecticut up until the time the plaintiff vacates said property.
11. That the plaintiff pay to the defendant arrearage as follows:
$5,109 child support arrearage;
$1,740 for alimony arrearage;
 $1.745.14 for arrearage of interest payments on the second mortgage on 87 Williams Street;
CT Page 445-Y
 $2,595 reimbursement for the mortgage payments advanced by defendant on the 90 Williams Street property.
The court will review these arrearages in ninety days to fashion a weekly order compatible with plaintiff's earning capacity.
12. Each party shall be responsible for the debts shown on their financial affidavit, holding the other party harmless.
13. All right, title and interest in defendant's boutique in Beirut, Lebanon, shall be and remain the property of defendant.
Dorsey, J. State Trial Referee